## Case No. 1,508.

### BLANCHARD et al. v. The CAVALIER.

[38 Hunt, Mer. Mag. 325.]

District Court, S. D. New York. Nov., 1857.

ADMIRALTY—LIBEL FOR POSSESSION—ATTACHMENT OF RES—NOTICE TO CLAIMANT.

[In admiralty. Attachment issued against the ship Cavalier on a libel by Alfred Blanchard and others for possession. Notice was to have been given to all persons claiming the ship, but no person or party was designated to whom such notice should be given. Messrs. Snow & Burgess move to discharge the attachment for irregularity in not having been taken out against them and served on them specifically by name. Granted.]

The libel is averred to be "in a cause of possession civil and maritime," and alleges that the libelants are owners of the ship by purchase at a marshal's sale, and that ever since such purchase possession thereof has been wrongfully withheld from them by Snow & Burgess, of this city, on the pretence of having some claim or interest in her, as owners or otherwise.

BETTS, District Judge. The libelants have proceeded as in an ordinary action in rem grounded upon a lien on the ship in which adverse parties in interest need be admonished or cited only by arrest of the vessel and publication of a general notice thereof to all concerned. This is a misapprehension. The 20th rule of the supreme court directs that in such cases the process shall be an arrest of the ship and admonition to the adverse party to appear and make answer. This constitutes a proceeding in a suit "in personam" to be litigated between the parties individually, the vessel being placed under attachment only for the purpose of being adjudged to the possession of the party who shall establish his right against his adversary. It must accordingly

---

[1] [Reported by John William Wallace, Esq.]

be instituted and conducted in the mode appropriated to that form of proceeding, and not as an action "in rem." The applicants having put in their answer and being ready to bond the vessel, they can be permitted to do so forthwith without the ship being subject to the cost of re-attachment. Motion to vacate attachment granted with costs, and attachment discharged on the execution of such bond by the claimants.